# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### SOUTHERN DIVISION

| | |
|---|---|
| TAJE DHATT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENVIVA INC., *et al*<br><br>Defendants. | Civil Action No.: 8:23-cv-02474-DLB |

**JOINT DECLARATION OF HARVEY L. POPPEL AND DR. CLINTON S. POPPEL IN SUPPORT OF THE POPPEL GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

We, Harvey L. Poppel, individually and on behalf of Poptech, LP, and Dr. Clinton S. Poppel, individually and on behalf of Poptech GC, LLC, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    We respectfully submit this Joint Declaration in support of the motion of the Harvey L. Poppel, Poptech, LP, Dr. Clinton Scott Poppel, and Poptech GC< LLC (the "Poppel Group") for appointment as Lead Plaintiff and approval of their selection of Wolf Popper LLP ("Wolf Popper") to serve as Lead Counsel and The Kaplan Law Firm to serve as Local Liaison Counsel for the proposed Class in the above-captioned securities class action litigation against Enviva, Inc. ("Enviva") and certain of its senior executives (collectively, "Defendants"). We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the action. We each have personal knowledge of the information in this Joint Declaration to the extent it concerns ourselves.

2.    I, Harvey L. Poppel, am a highly-successful, active investor in public and private firms. For twelve years, I served as managing director of Broadview Associates, an IT mergers and acquisition firm, where I consummated 80 deals. Previously, I managed the worldwide IT and information systems management consulting practices at Booz, Allen and Hamilton, and served on Booz, Allen's board. At Booz, Allen, I developed the now well-known "Harvey Balls" symbology. My personal Booz, Allen clients included ATT, IBM and Xerox. Previously in the 1960s, I managed some of the earliest applications of online computing including helping Western Union to convert their electromechanical telegraphy systems into email. I co-authored the prophetic 1987 McGraw-Hill book "Information Technology: The Trillion-Dollar Opportunity," and published dozens of IT-related articles including two in the Harvard Business

2

Review and keynoted several IT conferences. I was a four-time Ernst and Young Entrepreneur-of-the-Year judge in New Jersey and Northern California. I have served on two public-company boards. I also recently served on the Executive Committee of the Palm Beach Civic Association and led their 2035 Strategic Planning Forum. I have been a member of the Executive Committee and am currently a Director of the Israel Cancer Association. I received my BS and MS degrees from Rensselaer Polytechnic Institute. My LinkedIn profile is available at https://www.linkedin.com/in/harvey-l-poppel-a7589a37/.

3.      I, Harvey L. Poppel, also make this Joint Declaration on behalf of Poptech, LP . Poptech, LP is a Family Limited Partnership controlled by me and my wife Emily A Poppel. My wife and I are the sole members of Poptech, LLC. Poptech, LLC is the sole General Partner of Poptech, LP. I am duly authorized to execute this Joint Declaration on behalf of Poptech, LP. Poptech, LP invests in public and private technology companies, and is an institutional investor. Poptech, LP maintains a website at http://www.poptechlp.com/home.html.

4.      I, Harvey L. Poppel, and Poptech, LP, as reflected in my PSLRA Certification, suffered substantial losses as a result of our investments in Enviva common stock during the Class Period.

5.      I, Dr. Poppel am a retired Gastroenterologist who previously co-owned, and lead a team of over 30 individuals in the operation of, a successful Gastroenterology practice with an associated Endoscopy Suite and Pathology lab in Spokane Valley, WA. I completed an Internal Medicine Residency at St. Elizabeth's Hospital (Boston, MA), and a GI fellowship at Stanford University (Stanford, CA) after receiving his B.A. in Biology-Psychology from Wesleyan University (Middletown, CT), and my M.D. from Georgetown University.

6.      I, Dr. Clinton S. Poppel, also made this Joint Declaration on behalf of Poptech

3

DocuSign Envelope ID: DD3C7349-4297-4320-A3B7-7192B81BDB98

GC, LLC. I am the non-member manager of Poptech GC, LLC. and have authority to act for Poptech GC, LLC. I am duly authorized to execute this Joint Declaration on behalf of Poptech GC, LLC. The only three members of Poptech GC, LLC are my sons Alexander J. Poppel, Lucas F. Poppel, and Winston O. Poppel, who have executed assignments of claim and assigned me Poptech GC, LLC's claims arising from violations of the federal securities laws related to the purchase of Enviva securities. These assignments were made to the extent necessary for Poptech GC, LLC to seek appointment as lead plaintiff in this action, serve as lead plaintiff or a class representative in this action, and litigate this action on behalf of the Class.

7.      My, Dr. Clinton S. Poppel's, wife Helen M. Poppel, Alexander J. Poppel, and Winston O. Poppel, individually, have also executed assignments of claim and assigned me their claims arising from violations of the federal securities laws related to the purchase of Enviva securities

8.      I, Dr. Clinton S. Poppel, Poptech GC, LLC, Helen M. Poppel, Alexander J. Poppel, and Winston O. Poppel, as reflected in my PSLRA Certification, suffered substantial losses as a result of our investments in Enviva common stock during the Class Period.

9.      The members of the Poppel Group are each highly motivated to recover the substantial losses that they incurred as a result of Defendants' violations of the federal securities laws. Accordingly, we believe that this case should be prosecuted by investors with a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class. The Poppel Group's primary goal in this litigation is to maximize the Class's recovery from all potentially culpable parties.

10.     The members of the Poppel Group are family members and related entities. Harvey L. Poppel is the father of Dr. Clinton Scott Poppel. As described above, Harvey is a

member of the managing partner of Poptech, LP, and Clinton is the non-member manager of Poptech GC, LLC.  Harvey and Clinton, individually and on behalf of Poptech, LP and Poptech GC, LLC, each independently determined to seek to jointly prosecute these important claims. After reviewing the allegations pleaded in this action, which was filed by Wolf Popper, approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

11.      The members of the Poppel Group determined that serving as Lead Plaintiff together would allow them to maximize the recovery for all Class members, and allow for the sharing of experiences, resources, and collaboration on litigation strategy. They also decided to work together to prosecute the case because they believed doing so would benefit Enviva investors and provide the Class with the best possible representation.

12.      The members of the Poppel Group are aware that the PSLRA and courts throughout the country, including courts in this District, permit groups of investors to serve as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the Class. The members of the Poppel Group intend to litigate the action against Defendants in an independent, efficient, and vigorous manner.

13.      We are highly motivated to recover the substantial losses we incurred and intend to share our perspectives, experiences, and resources to direct this litigation. Therefore, the members of the Poppel Group have discussed with each other the importance of joint decision-making and maintaining open lines of communication. To that end, we have in place procedures that allow us to confer, with or without counsel, via telephone and/or e-mail on short notice to ensure that we are able to make timely decisions. In fact, as family members and related entities, the members of the Poppel Group are familiar with one another and have relationships that pre-

5

DocuSign Envelope ID: DD3C7349-4297-4320-A3B7-7192B81BDB98

date the filing of this action. That familiarity and pre-existing channels of communication factored into the members of the Poppel Group's decision to work together.

14. In addition to the members of the Poppel Group discussing their goals for the litigation, we recognize the importance of selecting a qualified law firm to prosecute the Class's interests and to do so efficiently. With respect to our selected counsel, we believe that the Class will benefit from having a law firm that is highly experienced in prosecuting complex securities class actions successfully as Lead Counsel.

15. We are aware of the experience, resources, and successes of our proposed Lead Counsel, Wolf Popper, and we are aware that they are an accomplished law firm with a history of achieving significant settlements, verdicts, and corporate governance reforms with defendants in securities class actions and other shareholder lawsuits. Through our oversight, we fully believe that Wolf Popper will prosecute this litigation in a zealous and efficient manner as Lead Counsel. We are also aware of the experience of proposed Local Liaison Counsel The Kaplan Law Firm,

16. In addition, Wolf Popper and The Kaplan Law Firm have already demonstrated their commitment to the Class through its investigation of the claims against Enviva and their filing of the first and only complaint in this litigation.

17. The members of the Poppel Group are committed to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.

18. Through these and other measures, the members of the Poppel Group will ensure that the Enviva securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to

6

obtain the best possible recovery for the Class.

**[REMAINDER INTENTIONALLY BLANK]**

DocuSign Envelope ID: DD3C7349-4297-4320-A3B7-7192B81BDB98

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements relating to the Poppel Group are true and correct to the best of my knowledge.


Executed _____11/13/2023_____.


DocuSigned by:

*Harvey Poppel*

425337F4870F405...

Harvey L. Poppel

8

DocuSign Envelope ID: DD3C7349-4297-4320-A3B7-7192B81BDB98

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to the Poppel Group are true and correct to the best of my knowledge.

Executed ___11/13/2023_____ .

DocuSigned by:

*Clinton Poppel*

18D302AEC3734B8...

Clinton S. Poppel