**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| TAJE DHATT, Individually and On Behalf of All Others Similarly Situated, | Case No. 8:23-cv-02474-DLB |
| Plaintiff, | |
| v. | |
| ENVIVA INC., *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF ANDREW DAVIS' MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Andrew Davis ("Davis"), on behalf of himself, and as Trustee of the atherine J. Davis Irrevocable Trust, respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Davis as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Davis' selection of Glancy Prongay & Murray LLP as Lead Counsel and Weisbrod Matteis & Copley PLLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired Enviva Inc. ("Enviva" or the "Company") common stock on a U.S. open market between November 3, 2022 and May 3, 2023, inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Davis is the "most adequate plaintiff" as defined by the PSLRA.

Davis believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Davis satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Davis respectfully

1

submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Davis' selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel and Weisbrod Matteis & Copley PLLC ("WMC") as liaison counsel for the class should be approved because the firms have plaintiff and/or defense-side class action expertise, and the experience and resources to efficiently prosecute this action. In particular, GPM has substantial expertise in securities class actions and WMC has significant experience representing life insurance policyholders in class actions, companies and individuals in connection with many D&O insurance matters, including disputes relating to coverage for securities class actions, and investors in non-class action litigation.

## II.    FACTUAL BACKGROUND[1]

Enviva develops, constructs, acquires, and operates fully contracted wood pellet production plants. The plants take wood fiber and aggregate and process it into dry, densified, uniform pellets that can be stored and transported around the world. The Company purports to use its wood pellets to displace coal and other fossil fuels to generate power and heat as part of its efforts to accelerate the energy transition away from conventional energy sources.

On May 3, 2023, the Company issued a press release announcing that it was dramatically lowering its fiscal year 2023 guidance and suspending dividend payments going forward. The press release acknowledged Enviva's need to, *inter alia*, "preserve liquidity and a conservative leverage profile" and "maintain our current growth trajectory." Defendant Thomas Meth, the Company's CEO acknowledged "specific issues" that had previously been undisclosed stating "contract labor is too high, discipline around repairs and maintenance spend is insufficient, wood

---

[1] This section is adapted from the complaints in the above-captioned action. Dkt. No. 1.

input costs need to come down further and stay there, and utilization rates at specific plants need to improve and stabilize at those improved levels." On this news, Enviva's stock price fell $14.34 per share from $21.35 to $7.01, a 67.2% decline, on enormous volume.

The complaint filed in this action alleges that, throughout the Class Period, Defendants made materially false and misleading statements regarding the above issues and the Company's business and operations. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Davis Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

3

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Davis satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Davis has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Davis is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Davis respectfully submits that he should be appointed lead plaintiff. *See Tchatchou v. India Globalization Cap., Inc.*, No. 18-cv-03396-PWG, 2019 WL 1004591, at *3-*4 (D. Md. Feb. 28, 2019).

### 1.    Davis Filed a Timely Motion

Davis has made a timely motion in response to a PSLRA early notice. On September 13, 2023, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Stephen Weisbrod ("Weisbrod Decl.") Ex. A. Therefore, Davis had sixty days (*i.e.*, until November 13, 2023) to file a motion to be appointed as lead plaintiff. As a purchaser of Enviva common stock during the Class Period, Davis is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Davis attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Weisbrod Decl., Ex. B. Accordingly, Davis satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Davis Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Davis believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Davis purchased Enviva stock during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $3,242,428. *See* Weisbrod Decl., Ex. C. To the best of his knowledge, Davis is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Davis believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3.    Davis Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "the court 'need only determine (1) whether the movant's claims or

defenses are typical of the class's claims or defense, and (2) whether the movant will fairly and adequately protect the interests of the class.'" *Tchatchou*, 2019 WL 1004591, at *6 (citation omitted). Moreover, at the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See id.* at *7.

### a)      Davis' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory. *Ortmann v. Aurinia Pharms. Inc.*, No. 22-cv-1335, 2023 WL 2139796, at *3 (D. Md. Feb. 20, 2023).

Davis' claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Davis alleges that Defendants' material misstatements and omissions concerning Enviva's business, operations, and financial prospects violated the federal securities laws. Davis, like all members of the class, purchased Enviva stock in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Davis' interests and claims are "typical" of the interests and claims of the class.

### b)      Davis Is an Adequate Representative

The adequacy requirement is satisfied if the plaintiff has the ability and incentive to represent the claims of the class vigorously, if he obtained adequate counsel, and there is no conflict between his claims and those asserted on behalf of the class. *Ortmann*, 2023 WL 2139796, at *3.

Davis has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Weisbrod Decl., Ex. C. Moreover, Davis is an entrepreneur who owns multiple businesses,  has been managing his investments for

many years, has an MBA degree from Washington University, and has been managing his own investments for years. Davis is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, Davis is adequate to represent the class and should be appointed as lead plaintiff.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Davis has retained GPM as lead counsel and WMC as liaison counsel to pursue this litigation on his behalf and will retain the firms as the class's counsel in the event he is appointed lead plaintiff. GPM possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Weisbrod Declaration as Exhibit D. WMC likewise has extensive experience representing life insurance policyholders in class actions, companies and individuals in connection with many D&O insurance matters, including disputes relating to coverage for securities class actions, and investors in non-class action litigation. Thus, the Court may be assured that, by granting the motion, the class will receive the highest caliber of legal representation.

**IV.      CONCLUSION**

For the foregoing reasons, Davis respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Davis as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class and Weisbrod Matteis & Copley PLLC as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 13, 2023                **WEISBROD MATTEIS & COPLEY PLLC**

By: */s/ William E. Jacobs*
Stephen A. Weisbrod (# 14795)
William E. Jacobs (#21975)
3000 K Street NW, Suite 275
Washington, D.C. 20036
Telephone: (202) 499-7900
Email: sweisbrod@wmclaw.com
       wjacobs@wmclaw.com

*Liaison Counsel for Andrew Davis and Proposed
Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (*pro hac vice* to be filed)
Charles H. Linehan (*pro hac vice* to be filed)
Pavithra Rajesh (*pro hac vice* to be filed)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Andrew Davis and Proposed Lead
Counsel for the Class*