**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| TAJE DHATT, Individually and On Behalf of All Others Similarly Situated, | Case No. 8:23-cv-02474-MJM |
| Plaintiff, | |
| v. | |
| ENVIVA INC., *et al.*, | |
| Defendants. | |

**ANDREW DAVIS' MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF COUNSEL</u>**

Lead Plaintiff Movant Andrew Davis ("Davis"), on behalf of himself, and as Trustee of the Katherine J. Davis Irrevocable Trust, submits this memorandum of law in opposition to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 13, 16).

## I.  INTRODUCTION

Three movants (or groups of movants) filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Davis (Dkt. No. 15); Edward Friedman and Henry Rich (self-styled the "Friedman-Rich Group," Dkt. No. 16); and Harvey L. Poppel, Dr. Clinton Scott Poppel, Poptech, LP, and Poptech GC, LLC (the "Poppel Group," Dkt. No. 13). However, on November 27, 2023, the Poppel Group filed a response to Davis' motion conceding that "it appears that Davis possesses the largest financial interest" and that Davis "is entitled to the statutory presumption that he is the most adequate plaintiff" to be appointed as lead plaintiff. Dkt. No. 17. As such, the Poppel Group has effectively abandoned its motion.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

1

As demonstrated in Davis' memorandum in support of his lead plaintiff motion (Dkt. No. 15-1), Davis has the largest financial interest in the relief sought by the class. Davis' financial interest, as measured by his last in, first out (LIFO) loss is $3,242,428.53. *See* Dkt. No. 15-6. Davis also satisfies the requirements of Rule 23. As such, Davis is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Davis is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Davis should be appointed as lead plaintiff, and his selection of counsel should be approved.[1]

## II.   ARGUMENT

### A.   Davis Is the Presumptively Most Adequate Plaintiff

Davis satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Davis filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 15; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Davis satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 15-1 at 6-8; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Davis has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, "many courts have applied a four-factor test (the *Lax* factors)" which considers "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

plaintiffs." *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. 21-cv-1189, 2021 WL 6072812, at *4 (D. Md. Dec. 23, 2021). Of these factors, losses suffered "is widely considered the most important." *Id.*

Here, Davis has a far larger financial interest than the competing movants as measured by every *Lax* factor:[2]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Davis | 199,571 | 199,571 | $5,044,571.56 | $3,242,428.53 |
| Friedman-Rich Group | 45,244 | 41,513 | $1,858,695.67 | $1,412,199.54[3] |
| Poppel Group | 31,971 | 29,971 | $1,241,375.36 | $919,020.06 |

As such, it is clear that Davis has the largest financial interest of any movant. Since Davis also filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B.     The Presumption that Davis Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is

---

[2] Values in this chart are taken form the movants' respective financial interest analyses. *See* Dkt. Nos. 13-6, 15-6, 16-6. Loss values in this chart are normalized using the same 90-day average price to value losses on retained shares as was used in Davis' financial interest analysis.

[3] The Friedman-Rich Group's loss figure in this chart differs from the figure provided in the analysis filed with their lead plaintiff motion (Dkt. No. 16-6) because the group included options transactions, which are not included in the class definition, and thus should not considered in the loss calculation. *See* Dkt. No. 1 ¶ 1 (defining the class as "all persons who purchased or otherwise acquired Enviva common stock"). Moreover, even if options were counted, the group made several errors, in their calculation, including mingling common stock and options, counting options as retained shares, and counting options sold as shares sold. The group also did not provide the details of the options (*e.g.* the strike price(s) and expiration date(s)). As such, the Friedman-Rich Group's actual financial loss is not clear and likely overstated. Regardless, even if the Friedman-Rich Group's financial interest figures are accepted as accurate, Davis has the largest financial interest of any movant.

3

subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

No proof has been presented, or can be presented, that Davis is inadequate or subject to unique defenses.[4] To the contrary—Davis is an ideal candidate. As explained in Davis' memorandum in support of his lead plaintiff motion, Davis has an MBA, is an entrepreneur who owns multiple businesses, and has been managing his investments for years. *See* Dkt. No. 15-1 at 7-8. As such, Davis should be appointed as lead plaintiff, and no other movant is entitled to consideration.

### C.      Davis' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here Davis has selected Glancy Prongay & Murray LLP as lead counsel and Weisbrod Matteis & Copley PLLC as liaison counsel for the class for the class. As illustrated by the firms' submissions, *see* Dkt. Nos 15-3, 15-7, the Court may be assured that if Davis' motion is granted, the class will receive the highest caliber of legal representation. As such, Davis' selection of counsel should be approved. *See Palm Tran*, 2021 WL 6072812, at *6 (approving lead and liaison counsel where "the firms are qualified to serve in their respective positions").

---

[4] Friedman and Rich, in contrast, provided inaccurate loss figures to the Court and appear to have been grouped by their counsel given that they do not claim to have any connection to each other that predates this litigation. *See* Dkt. No 16-7 (Friedman and Rich's joint declaration, evidencing no pre-existing relationship). Courts have rejected similar groups as inadequate. *See, e.g.*, *In re E.Spire Commc'ns, Inc., Sec. Litig.*, 231 F.R.D. 207, 213 (D. Md. 2000) (rejecting an "artificial" group where "it has not been shown that the members share business or other relationships").

## III.     CONCLUSION

For the foregoing reasons, Davis respectfully requests that the Court grant his motion and enter an Order: (1) appointing Davis as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class and Weisbrod Matteis & Copley PLLC as Liaison Counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: November 27, 2023        **WEISBROD MATTEIS & COPLEY PLLC**

By: */s/ William E. Jacobs*____

Stephen A. Weisbrod (# 14795)
William E. Jacobs (#21975)
3000 K Street NW, Suite 275
Washington, D.C. 20007
Telephone: (202) 499-7900
Email: sweisbrod@wmclaw.com
         wjacobs@wmclaw.com

*Liaison Counsel for Andrew Davis and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (*pro hac vice* to be filed)
Charles H. Linehan (*pro hac vice* to be filed)
Pavithra Rajesh (*pro hac vice* to be filed)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Andrew Davis and Proposed Lead Counsel for the Class*

5