UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| TAJE DHATT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ENVIVA INC., *et al.*, <br><br> Defendants. | Civil Case No. 23-cv-2474 MJM <br><br> **The Friedman-Rich Group's Reply to the Competing Movants' Responses to Its Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel and Liaison Counsel** |

Movants Edward Friedman and Henry Rich (together, the "Friedman-Rich Group") respectfully submit this reply to the responses (Dkt. Nos. 17 and 19) of two competing movants, (1) Andrew Davis and (2) Harvey L. Poppel, Dr. Clinton Scott Poppel, Poptech, LP and Poptech GC, LLC (the "Poppel Group"), to the Friedman-Rich Group's motion (Dkt. No. 16) for appointment of lead plaintiff and approval of selection of lead counsel and liaison counsel.

As demonstrated in the Friedman-Rich Group's November 27, 2023 preliminary opposition (Dkt. No. 18) to the competing motions, additional details of Davis's transactions in Enviva Inc.'s stock are necessary before his estimated losses can be ascertained and, consequently, before the presumptive "most adequate plaintiff" can be identified under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3).  In light of the need for additional information, the Friedman-Rich Group requests limited discovery, including deposition and written discovery, under Section 78u-4(a)(3)(B)(iv), regarding Davis's purchases and sales of Enviva stock during the Class Period (between November 3, 2022 and May 3, 2023), as well as Davis's background as an investor.  *See, e.g., Applestein v. Medivation, Inc.*, 2010 U.S. Dist. LEXIS 98255, at

**14–16 (N.D. Cal. Sept. 17, 2010) (granting leave to conduct discovery). The Court should permit the Friedman-Rich Group 60 days to conduct such discovery and, upon completion of the discovery, allow the Friedman-Rich Group 14 days to submit further briefing on the competing motions for appointment of lead plaintiff and approval of the lead plaintiff's selection of counsel.[1]

Dated: December 11, 2023

Respectfully submitted,

ICE MILLER LLP
Kevin G. Hroblak
(Maryland Bar No. 26180)
Michael P. Collins, Jr.
(Maryland Bar No. 20805)

s/ Kevin G. Hroblak
Kevin G. Hroblak

100 Light Street, Suite 1350
Baltimore, Maryland 21202
Telephone: (410) 951-5874
Email:       kevin.hroblak@icemiller.com
             michael.collins@icemiller.com

*Counsel for the Friedman-Rich Group and Proposed Liaison Counsel*

---

[1] In footnotes, Davis launches two meritless attacks on the Friedman-Rich Group's adequacy to serve as lead plaintiff. *See* Dkt. No. 19 at 3–4, ns. 3–4. First, Davis says that it is improper for the Friedman-Rich group to include their option transactions in their motion because the class has been defined in the initial complaint as to cover only "Enviva common stock" (as opposed to "securities"). But the PSLRA requires that all lead-plaintiff movants set forth in their certifications "all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u-4(a)(2)(A)(iv). Disclosure of the Friedman-Rich Group's option transactions is therefore required. Moreover, whether or not the class definition (which itself is subject to change) permits recovery for losses from option transactions is a question for discovery and trial. Courts have considered options transactions at the lead-plaintiff stage. *See, e.g., In re LightInTheBox Holding Co., Sec. Litig.*, 2013 U.S. Dist. LEXIS 165842, at *12 (S.D.N.Y. Nov. 21, 2013) ("options-related losses are properly considered in determining the presumptive lead plaintiff under the PSLRA").

Second, Davis challenges the Friedman-Rich Group's ability to function as a cohesive group based solely on the group's lack of a "pre-litigation relationship." As the Ninth Circuit held in *In re Mersho*, however, a district court commits a "clear error" by rejecting a movant group based on the lack of a pre-litigation relationship alone. *See* 6 F. 4th 891, 902 (9th Cir. 2021). Davis's challenge is meritless.

2

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
(*pro hac vice* to be submitted)
Albert Y. Chang
(*pro hac vice* to be submitted)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Email:        fbottini@bottinilaw.com
                achang@bottinilaw.com

*Counsel for the Friedman-Rich Group and*
*Proposed Lead Counsel for the Class*

## Certificate of Service

I hereby certify that on December 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated:  December 11, 2023

s/ Michael P. Collins, Jr.
Michael P. Collins, Jr.