**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TAJE DHATT, Individually and On Behalf of
All Others Similarly Situated,

    Plaintiff,

    v.

ENVIVA, INC.,
*et al.*,

    Defendants.

Civil Action No.:  MJM-23-2474

**<u>MEMORANDUM</u>**

Plaintiff Taje Dhatt ("Plaintiff") filed this class action against Enviva, Inc. and certain of its officers and directors alleging securities fraud in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5. Compl. ¶ 1. The suit is brought on behalf of a putative class of investors who purchased or acquired Enviva common stock between November 3, 2022, and May 3, 2023 (the "Class Period"), seeking class certification pursuant to Fed. R. Civ. P. 23 and an award of damages for members of the class. *Id.* Currently pending are three motions filed by members of the putative class, each seeking appointment as lead plaintiff and approval of their selection of counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B). ECF 13, 15 & 16. The Court has considered the motions and responses thereto and finds that no hearing is necessary. L.R. 105.6. For reasons explained herein, the Court will appoint Andrew Davis as lead plaintiff because, among the movants, he is presumptively the most adequate plaintiff under 15 U.S.C. § 78u-4(a)(3)(B) and neither of the competing movants have rebutted that presumption.

1

I.    **Applicable Law**

In a securities class action like the instant case, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires the Court to consider motions filed by members of the putative class seeking appointment as lead plaintiff and to "appoint as lead plaintiff" the class member or group of class members "that the court determines to be most capable of adequately representing the interests of class members . . . in accordance with [the statute]." 15 U.S.C. § 78u-4(a)(3)(B)(i). Generally, a court must "adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that . . . (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a [putative class member] that the presumptively most adequate plaintiff . . . (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II). The most adequate plaintiff is responsible for selecting and retaining counsel to represent the class "subject to the approval of the court . . . ." *Id.* § 78u-4(a)(3)(B)(v).

The statute does not prescribe a method by which the court should determine which movant has "the largest financial interest in the relief sought by the class" under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). "In the absence of a statutory directive, many courts have applied a four-factor test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Tchatchou v. India Globalization Cap., Inc.,* Civ. No. PWG-18-3396,

2019 WL 1004591, at *4 (D. Md. Feb. 28, 2019) (citation omitted). "The fourth factor is widely considered the most important." *Id.* (citation omitted).

To determine whether a movant satisfies the requirements of Fed. R. Civ. P. 23 for purposes of identifying the most adequate plaintiff, the court focuses on the portions of Rule 23 relevant to "assessing 'whether the movant will be an appropriate class representative.'" *Id.* at *6 (quoting *Ash v. PowerSecure Int'l, Inc.*, No. 4:14-92-D, 2014 WL 5100607, at *3 (E.D.N.C. Oct. 10, 2014)). "[T]he court 'need only determine (1) whether the movant's claims or defenses are typical of the class's claims or defense, and (2) whether the movant will fairly and adequately protect the interests of the class.'" *Id.* (quoting *Ash*, 2014 WL 5100607 at *3). "The proper inquiry at this stage is simply whether the movant has made a prima facie showing of typicality and adequacy." *Ortmann v. Aurinia Pharms. Inc.,* Civ. No. GJH-22-1335, 2023 WL 2139796, at *3 (D. Md. Feb. 20, 2023) (quoting *Tchatchou*, 2019 WL 1004591, at *7 (D. Md. Feb. 28, 2019)); *see also In re Cendant Corp. Litig.,* 264 F.3d 201, 262–64 (3d Cir. 2001). "The typicality requirement is satisfied 'when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory.'" *Ortmann*, 2023 WL 2139796, at *3 (quoting *Klugmann v. Am. Cap. Ltd.*, Civ. No. PJM-09-5, 2009 WL 2499521, at *5 (D. Md. Aug. 13, 2009)). "The adequacy inquiry asks whether the movant 'has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class.'" *Id.* (quoting *Tchatchou*, 2019 WL 1004591 at *6).

## II.   <u>Analysis</u>

The competing movants in the instant case are (1) a group of investors consisting of Harvey L. Poppel, Clinton Scott Poppel, Poptech, LP, and Poptech GC, LLC (collectively, the "Poppel

Group"), ECF 13; (2) Andrew Davis, on behalf of himself and as Trustee of the Katherine J. Davis Irrevocable Trust (the "Trust"), ECF 15; and (3) Edward Friedman and Henry Rich (together, the "Friedman-Rich Group"), ECF 16.

It is apparent from the movants' submissions that, among the three movants who filed timely motions, Davis has "the largest financial interest in the relief sought by the class . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The approximate losses suffered by Davis and the Trust exceed $3 million, compared to $1,449,594 in approximate losses sustained by the Friedman-Rich Group and $1,412,199 in approximate losses sustained by the Poppel Group.

Further, Davis has made a prima facie showing that he satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. As to typicality, Davis alleges that he purchased Enviva stock in reliance on material misstatements and omissions of the defendants regarding Enviva's business, operations, and prospects, and that he and the Trust suffered damages as a result. As such, Davis alleges that he and the Trust "suffer[ed] the same injuries as the class" and his claims "are based on the same legal theory" as that set forth in the Complaint. *Ortmann*, 2023 WL 2139796 at *3. Therefore, Davis's claims "are typical of the claims . . . of the class . . . ." Fed. R. Civ. P. 23(a)(3).

Davis has also made a sufficient showing that he is prepared to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no apparent conflict between Davis's claims and those of the class. Given his significant financial interest, Davis has the "incentive to represent the claims of the class vigorously . . . ." *Tchatchou*, 2019 WL 1004591 at *6 (quoting *In re Cendant Corp.*, 264 F.3d at 265). Davis possesses several qualifications to serve as a class representative in this action. He owns multiple businesses, has a Master of Business Administration degree, and serves as Trustee of the Trust. Davis has also demonstrated the ability

to represent the class by obtaining adequate lead counsel, a law firm with substantial experience prosecuting securities class actions.

For the foregoing reasons, Davis is presumptively the plaintiff "most capable of adequately representing the interests of class members" under 15 U.S.C. § 78u-4(a)(3)(B). Neither of the two competing movants has offered proof that Davis "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Friedman-Rich Group challenges the appointment of Davis as lead plaintiff on the grounds that a certified transaction summary attached to Davis's motion is inaccurate. Indeed, Davis's initial transaction summary erroneously indicates that he purchased 196,925 shares of Enviva common stock in a single transaction on April 6, 2023, and then sold the same number of shares in a single transaction on May 9, 2023. ECF 15-5 at 3. Davis acknowledges this error in a declaration attached to his reply, explaining that the transaction summary attached to his motion was based on how the transactions were recorded in monthly statements provided to him by his wealth manager. ECF 20-1 at 2. Davis explains further that he had ordered the purchase of the Enviva shares in a single order and ordered the sale of the shares in a separate single order. *Id.* In response to the Friedman-Group's opposition, Davis inquired with his wealth manager whether the trades in question were conducted in a single transaction. He learned that the trades were conducted in multiple smaller transactions—*i.e.*, multiple purchases on April 6, 2023, and multiple sales on May 9, 2023. *Id.* at 2–3. Davis corrects the error in his initial submission with a new transaction summary detailing the transactions at issue, which is attached to his reply brief with a revised certification. ECF 20-2. The additional information provided by Davis's wealth manager results in a reduction of approximately $512 in the loss amount initially reported by Davis. ECF

20 at 7. The corrected loss amount still exceeds $3 million and is more than double the loss amount claimed by either the Friedman-Rich Group or the Poppel Group. Davis's gross shares purchased, net shares purchased, and net expenditure figures remain unchanged.

The Friedman-Rich Group does not offer the "exacting proof" necessary to rebut the presumption that Davis is the most adequate plaintiff under § 78u-4(a)(3)(B). *See In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (rebutting the § 78u-4(a)(3)(B) presumption requires "exacting proof"); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) (rebutting the § 78u-4(a)(3)(B) presumption requires "more than speculation"); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004) ("conclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption" without evidentiary support); *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) ("Speculative assertions . . . are . . . insufficient to rebut the lead plaintiff presumption in this case.").

The Friedman-Rich Group nonetheless maintains that "additional details of Davis's transactions in Enviva Inc.'s stock are necessary before his estimated losses can be ascertained . . . ." ECF 21 at 1. The Friedman-Rich Group requests "limited discovery, including deposition and written discovery . . . regarding Davis's purchases and sales of Enviva stock during the Class Period . . . , as well as Davis's background as an investor." *Id.* The PSLRA provides that "discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iv). But the plaintiff seeking discovery must "first demonstrate[] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id.* Here,

the Friedman-Rich Group fails to demonstrate a reasonable basis for finding that Davis cannot adequately represent the class.

The Court does not find that the error in Davis's initial submission to the Court renders him an inadequate representative of the putative class. "[M]inor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." *Niederklein v. PCS EdventuresA.com, Inc.*, No. 1:10-CV-00479, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011). Davis has provided a reasonable explanation for his initial error and corrected it with a revised submission, and there is no indication that he has, at any point, acted in bad faith. Indeed, "[c]ourts may consider amended certifications when competing movants challenge alleged defects in the original certification." *Blake v. Canoo Inc.*, No. CV212873FMOJPRX, 2022 WL 599504, at *6 (C.D. Cal. Feb. 18, 2022)). *See also Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) (accepting corrected, reduced loss calculation from plaintiff with greatest financial interest); *Schueneman v. Arena Pharms., Inc.*, No. 10CV1959 BTM BLM, 2011 WL 3475380, at *6 (S.D. Cal. Aug. 8, 2011) (rejecting argument that minor defect in presumptive lead plaintiff's certification of financial interest rendered plaintiff inadequate when plaintiff's explanation for the error was reasonable and there was no showing of bad faith); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014) (accepting revised certification and loss chart from plaintiff with greatest financial interest, despite significant reduction in plaintiff's purported loss from $233,386 to $100,169). Davis has provided a reasonable explanation for the error in his initial transaction summary. Further, Davis's revision has only a minor effect on his claimed loss amount, which remains significantly greater than those claimed by the competing movants.

III.    **<u>Conclusion</u>**

The Court finds that Davis is the most adequate plaintiff to serve as lead plaintiff in this class action. Additionally, as explained above, the Court finds Davis's selection of counsel to be adequate.

A separate Order follows.


DATED: 2/13/24                                    ___/S/_____

                                                  Matthew J. Maddox
                                                  United States District Judge