## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TAJE DHATT, Individually and On Behalf
of All Others Similarly Situated,

        Plaintiff,

        v.

ENVIVA INC., *et al.*,

        Defendants.

Civil Action No.: 8:23-cv-02474-MJM

## PLAINTIFF'S RESPONSE TO SUGGESTION OF BANKRUPTCY

Lead Plaintiff Andrew Davis ("Plaintiff") respectfully submits this response to the Suggestion of Bankruptcy (Dkt No. 35) filed by Enviva, Inc. ("Enviva"). The stay of proceedings pursuant to Section 362(a) of the Bankruptcy Code applies *only* to Defendant Enviva and the other "Debtor" legal entities that have filed bankruptcy petitions. This case can and should proceed against the Individual Defendants, John K. Keppler, Thomas Meth, Shai S. Even, and Michael A. Johnson, none of whom have filed for bankruptcy.

"[T]he plain language of §362 . . . provides *only* for the automatic stay of judicial proceedings and enforcement of judgments *against the debtor* or the property of the estate." *In re G&L Drywall, Inc.*, 63 Fed. Appx. 663, 665-66 (4th Cir. 2003) (emphasis added); *see also Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 126 (4th Cir. 1983) ("11 U.S.C. § 362(a), applicable to those defendants under the protection of the bankruptcy court, . . . provides only for an automatic stay of any judicial proceeding 'against the debtor'.").

"[T]he stay that protects a debtor in bankruptcy does not generally extend to a debtor's co-defendants." *Gee v. Lucky Realty Homes, Inc.*, 210 F.Supp.2d 732, 735 (D.

1

Md. 2002) (collecting cases); *see also McLeod v. PB Inv. Corp.,* 492 Fed. Appx. 379, 384 n.1 (4th Cir. 2012) (noting that litigation was "not stayed as to the non-bankrupt co-defendants"). Nor does the stay apply to officers of a bankrupt corporation. *See In re Pierce Coal and Const., Inc.*, 49 B.R. 779, 781 (Bankr. N.D. W. Va. 1985) ("Bankruptcy does not provide a haven for a bankrupt corporate debtor's officers who have failed in their corporate duties").

A stay may only be extended to a non-debtor "in the 'unusual situation' where the interests of the debtor and the non-debtor are so intertwined that a judgment against the non-debtor is, in effect, a judgment against the debtor." *G&L Drywall*, 63 Fed. Appx. at 666. That is not the case here, and the Individual Defendants have not attempted to carry their burden to show that the stay should apply to them. *See Williford*, 715 F.2d at 127 ("The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative").

Securities litigation, such as in the instant case, often proceeds against defendant directors and officers even when stayed against a bankrupt corporate defendant. *E.g.*, *In re Safety-Kleen Corp. Stockholders Litig.*, 2004 WL 6039473 at *1 n.1 (D.S.C. Jan. 29, 2004) (analyzing individual defendants' summary judgment motions in securities fraud class action where litigation against corporate defendants was stayed pursuant to pursuant to 11 U.S.C. § 362(a)(1)); *Singer v. TranS1, Inc.*, 2015 WL 2341907 at *1 n.4 (E.D.N.C. May 14, 2015) (analyzing individual defendants' motion to dismiss securities fraud class action where automatic stay applied to bankrupt corporate defendant).

Therefore, the stay of proceedings pursuant to Section 362(a) of the Bankruptcy Code applies *only* to Defendant Enviva and the other "Debtor" legal entities that have

filed bankruptcy petitions, and this case can and should proceed against the Individual Defendants, none of whom have filed for bankruptcy.

DATED: March 15, 2024          **WEISBROD MATTEIS & COPLEY PLLC**

By: */s/ William E. Jacobs*
Stephen A. Weisbrod (# 14795)
William E. Jacobs (#21975)
3000 K Street NW, Suite 275
Washington, D.C. 20007
Telephone: (202) 499-7900
Email:  sweisbrod@wmclaw.com
wjacobs@wmclaw.com

*Liaison Counsel for Lead Plaintiff Andrew Davis and the Proposed Class*

**GLANCY PRONGAY & MURRAY LLP**

Robert V. Prongay (*pro hac vice*)
Charles H. Linehan (*pro hac vice*)
Pavithra Rajesh (*pro hac vice*)
Garth Spencer (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com
clinehan@glancylaw.com
prajesh@glancylaw.com
gspencer@glancylaw.com

*Lead Counsel for Lead Plaintiff Andrew Davis and the Proposed Class*