**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ANDREW DAVIS,

     **Plaintiff,**

     **v.**

JOHN K. KEPPLER, *et al.,*

     **Defendants.**

**Civ. No.: 8:23-cv-02474-MJM**

**DEFENDANT SHAI S. EVEN'S ANSWER TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Shai Even ("Defendant"), denies each and every allegation in Plaintiffs' operative Second Amended Class Action Complaint ("Complaint"), ECF No. 48, except as specifically admitted herein, and, using the same paragraph number as the Complaint, alleges and states as follows:

**ANSWER**

Preamble: To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief regarding the steps Plaintiff took to formulate the Complaint's allegations and therefore denies the paragraph.

**I.    NATURE OF THE ACTION AND OVERVIEW[1]**

    1.    Paragraph 1 purports to describe the action and contains Plaintiffs' purported legal conclusions for which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring claims under Section 10(b) of the Exchange Act and SEC

---

[1] Headings and prefatory material in the Complaint are not substantive allegations to which an answer is required; if these items are treated or intended as substantive allegations, Defendant denies them.

Rule 10b-5 for a purported class of investors.  Defendant denies the legal merit of these claims or that they are appropriate for class certification.

2.      "Enviva, Inc." no longer exists as a public corporation following consummation of its Chapter 11 plan.  It was delisted from the New York Stock Exchange on October 22, 2024, and emerged from bankruptcy protection on December 6, 2024, as a private company.  Accordingly, Defendant denies the first and second sentence of Paragraph 2.  As to the third sentence, admitted.

3.      Defendant admits that during portions of the alleged Class Period, John Keppler served as Chief Executive Officer and that Thomas Meth later served as Chief Executive Officer. Defendant admits that Shai Even served as Chief Financial Officer during a portion of the alleged Class Period and that his employment with Enviva ended on August 29, 2023.  Defendant admits that Michael Johnson resigned from his position as Vice President and Chief Accounting Officer of Enviva on March 21, 2023. To the extent a further response is required, denied.

4.      Denied.

5.      Denied.

6.      Paragraph 6 contains Plaintiff's argumentative opinions and legal conclusions for which no response is required and contains terms that are too vague to admit or deny and/or that call for legal conclusions.  To the extent a further response is required, denied.

7.      Paragraph 7 contains Plaintiff's argumentative opinions and legal conclusions for which no response is required and contains terms that are too vague to admit or deny and/or that call for legal conclusions.  To the extent a further response is required, denied.

8.      Admitted that on March 12, 2024, Enviva filed a voluntary Chapter 11 petition in the Eastern District of Virginia. Otherwise, denied.

9.      Denied.

## II.     JURISDICTION AND VENUE

10.     Paragraph 10 contains Plaintiffs' legal conclusions for which no response is required.  To the extent a further response is required, admitted.

11.     Paragraph 11 contains Plaintiffs' legal conclusions for which no response is required.  To the extent a further response is required, admitted.

12.     The first sentence of Paragraph 12 contains Plaintiffs' legal conclusions for which no response is required.  To the extent a further response is required, Defendant admits the first sentence of Paragraph 12.  Defendant admits that he has conducted business in this district.  Otherwise, denied.

13.     Defendant admits that he used the means and instrumentalities of interstate commerce to make public statements.  Otherwise, denied.

## III.    PARTIES & RELEVANT NON-PARTIES

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, up to the clause "during the Class Period." Otherwise, denied.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, up to the clause "during the Class Period." Otherwise, denied.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, up to the clause "during the Class Period." Otherwise, denied.

17.     John Keppler is no longer a defendant pursuant to the Court's opinion and order on the motion to dismiss (Davis v. Keppler, No. MJM-23-2474 (D. Md. Dec. 29, 2025)).  Otherwise, admitted.

18.     Admitted.

19.     Admitted.

20. Michael Johnson is no longer a defendant pursuant to the Court's opinion and order on the motion to dismiss (Davis v. Keppler, No. MJM-23-2474 (D. Md. Dec. 29, 2025)). Otherwise, admitted.

21. Denied as to the first and second sentence; Enviva Inc. no longer exists. Otherwise, admitted.

22. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 22's characterizations of an unnamed witness and otherwise denies the allegations in Paragraph 22.

23. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 23's characterizations of an unnamed witness and otherwise denies the allegations in Paragraph 23.

24. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 24's characterizations of an unnamed witness and otherwise denies the allegations in Paragraph 24.

25. Defendant lacks knowledge or information to form a belief about the truth of Paragraph 25's characterizations of an unnamed witness and otherwise denies the allegations in Paragraph 25.

## IV. BACKGROUND REGARDING ENVIVA

### A. Enviva's Primary Business Consists of Processing Trees into Wood Pellets for Shipment to Be Burned as Fuel on Other Continents

26. Denied; Enviva Inc. no longer exists.

27. Admitted.

28. Denied; Enviva Inc. no longer exists.

29. Denied; Enviva Inc. no longer exists.

30. Denied as to the first sentence, Enviva Inc. no longer exists. Defendant admits that as of the March 1, 2023 earnings call, historically, about 15% to 20% of Enviva, Inc.'s annual volumes sold had been sourced from third parties.

**B.     Despite Incurring GAAP Losses, Defendants Marketed Enviva to Investors as a Growing Company with Dependable Cash Flows**

31. Defendant admits the last sentence of Paragraph 31 and the associated table. Otherwise, Paragraph 31 contains Plaintiffs' argumentative characterization of these facts to which no response is required. To the extent a further response is required, denied.

32. Admitted as to the last sentence. Otherwise, denied.

33. Paragraph 33 seeks to characterize Enviva's public statements, which speak for themselves and are the best evidence of their contents. To the extent a further response is required, denied.

34. Admitted as to the last sentence. Otherwise, denied.

35. Paragraph 35 purports to characterize Enviva's public statements, which speak for themselves and are the best evidence of their contents. Otherwise, denied.

**V.     DEFENDANTS CONCEALED MATERIAL FACTS CONCERNING ENVIVA'S FAILING BUSINESS**

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**A.     Enviva Stood to Lose Hundreds of Millions of Dollars on Its 4Q 2022 Wood Pellet Purchase Agreements**

40. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 40. On that basis, denied.

41.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 41.  On that basis, denied.  Furthermore, the cited document speaks for itself and is the best evidence of its contents.  To the extent the paragraph is inconsistent therewith, denied.

42.    Paragraph 42 purports to characterize Enviva's public statements, which speak for themselves and are the best evidence of their contents.  Otherwise, denied.

43.    Paragraph 43 purports to characterize Enviva's public statements, which speak for themselves and are the best evidence of their contents.  Otherwise, denied.

44.    Admitted as to the mathematical facts that Cost divided by Metric Tons from the chart in Paragraph 43 equals $370.38 for the year 2023, $388.83 for the year 2024 and $372.67 for the year 2025, leading to a weighted average of $377.29.  To the extent a further response is required, denied.

45.    The cited documents speak for themselves and are the best evidence of their contents.  Furthermore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the last sentence in Paragraph 45.  On that basis, denied.

46.    Admitted that Argus purports to provide "market intelligence to the global energy and commodity markets" including purported "weekly access to global biomass market news," and purported "prices, news and analysis for the global biomass industry" such as that one entitled Argus Biomass Markets, which includes purported "wood pellet prices."  To the extent a further response is required, denied.

47.    Admitted that Argus's Biomass Markets newsletter has at times purported to report wood pellet prices for cif NWE, fob Baltic and fob Portugal and provides various definitions of those terms which speak for themselves.  To the extent a further response is required, denied.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the first sentence in Paragraph 48, and on that basis denies it.  The remainder of Paragraph 48 contains Plaintiffs' speculative and argumentative characterizations, to which no response is required.  To the extent a response is required, denied, except that Defendant admits that the quoted language in the last sentence appears in a March 19, 2024 article from Argus titled "Enviva's board probing 4Q22 transactions."

49.    The cited documents speak for themselves and are the best evidence of their contents.  To the extent the paragraph is inconsistent therewith, denied

50.    The cited document speaks for itself and is the best evidence of its contents.  To the extent the paragraph is inconsistent therewith, denied.

51.    The cited document speaks for itself and is the best evidence of its contents.  To the extent the paragraph is inconsistent therewith, denied.

52.    The cited document speaks for itself and is the best evidence of its contents.  To the extent the paragraph is inconsistent therewith, denied.

53.    The cited document speaks for itself and is the best evidence of its contents.  To the extent the paragraph is inconsistent therewith, denied.

54.    The first sentence of Paragraph 54 contains terms that are too vague to admit or deny and on that basis is denied. Admitted that individuals from Enviva have participated in the annual Argus Biomass Conference.  Regarding the paper published by Enviva titled "Biomass: Unlocking a Future Beyond Fossil Fuel," the cited document speaks for itself and is the best evidence of its contents.  To the extent a response is required, admitted that the paper includes an introductory letter from Meth and includes a chart reflecting wood pellet prices for 2022-2027, described as "Argus CIF ARA."  As to the schedule of assets and liabilities filed in the bankruptcy

7

proceeding, the cited document speaks for itself and is the best evidence of its contents. To the extent the paragraph is inconsistent therewith, denied. Defendant lacks knowledge or information sufficient to form a belief about any "apparent reference[s]," and on that basis, denied. Defendant lacks knowledge or information to form a belief about the truth of Plaintiffs' characterizations of an unnamed witness, and on that basis, the last sentence is denied.

55. The first sentence of Paragraph 55 contains terms that are too vague to admit or deny, including, but not limited to, "regularly" and "wood pellet price indices," and on that basis, the allegations contained in the first sentence are denied. The documents cited in the second sentence of Paragraph 55 speak for themselves and are the best evidence of their contents. To the extent a further response is required, denied.

56. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 56. On that basis, denied.

57. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 57. On that basis, denied.

58. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 58. On that basis, denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Paragraph 63 purports to characterize a pre-petition proof of claim filed by RWE on May 19, 2024. Defendant admits that the quoted language in the first sentence of Paragraph 63 appears in the pre-petition proof of claim. Defendant admits that the quoted language in the last

sentence of Paragraph 63 appears in the November 11, 2023 Standstill Deed.  Otherwise, the document speaks for itself and is the best evidence of its contents and requires no further response.

64.    Defendant admits that portions of the quoted language in Paragraph 64 appear, respectively, in transcripts of Enviva's March 1, 2023 earnings call and Enviva's April 3, 2023 Investor Day.  However, the statements are misquoted, and thus, denied.

65.    Defendant admits that the quoted language in Paragraph 65 appears, respectively, in Enviva's Form 10-Q filed with the SEC on November 3, 2022, and Enviva's Form 10-K filed with the SEC on March 1, 2023.  Otherwise, denied.

66.    Admitted as to the first sentence.  Defendant admits that the quoted language in Paragraph 66 appears in the Nunziata Declaration (ECF No. 27).  To the extent a further response is required, denied.

**B.      Enviva's Manufacturing Plants Experienced Severe Equipment Failures, Causing Significant Expenses and Production Shortfalls**

67.    The cited document speaks for itself and is the best evidence of its contents. Defendant admits that the quoted language in Paragraph 67 appears in the Nunziata Declaration (ECF No. 27).  Otherwise, denied.

68.    The cited document speaks for itself and is the best evidence of its contents. Defendant admits that the quoted language in Paragraph 68, except the bracketed word, appears in the Nunziata Declaration (ECF No. 27).  Otherwise, denied.

69.    Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 69's characterizations of statements of an unnamed witness.  On that basis, Defendant denies the allegations in Paragraph 69.

70. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 70's characterizations of statements of an unnamed witness. On that basis, Defendant denies the allegations in Paragraph 70.

71. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 71's characterizations of statements of an unnamed witness. On that basis, Defendant denies the allegations in Paragraph 71.

72. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 72's characterizations of statements of an unnamed witness. On that basis, Defendant denies the allegations in Paragraph 72.

73. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 73's characterizations of statements of an unnamed witness. On that basis, Defendant denies the allegations in Paragraph 73.

74. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 74's characterizations of statements of an unnamed witness. On that basis, Defendant denies the allegations in Paragraph 74.

75. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 75's characterizations of statements of an unnamed witness. On that basis, Defendant denies the allegations in Paragraph 75.

76. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 76's characterizations of statements of an unnamed witness. Otherwise, Defendant denies the allegations in Paragraph 76.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77. On that basis, denied.

78.    The first sentence of Paragraph 78 purports to characterize the JP Morgan article titled "Southampton Plant Visit: ~$100mm Of Burned Capital; Operations Back to Where They Started." The report speaks for itself and is the best evidence of its contents. Defendant admits that the quoted language in Paragraph 78, except the bracketed words, appears in the JP Morgan article titled: "Southampton Plant Visit: ~$100mm Of Burned Capital; Operations Back To Where They Started." Otherwise, denied.

79.    Defendant admits that the quoted language in Paragraph 79 appears in the RBC Capital Markets article.

80.    Defendant admits that the quoted language in Paragraph 80 appears in a transcript of an earnings call held on August 3, 2023.

**C.    Enviva's Excessive Employee Turnover Further Increased Costs and Reduced Production**

81.    Defendant admits that the quoted language in Paragraph 81, except the ellipsis, appears in the Nunziata Declaration.

82.    Defendant admits that the quoted language in Paragraph 82 appears in the Nunziata Declaration.

83.    Defendant lacks knowledge or information to form a belief about the truth of Paragraph 83's characterizations of statements of an unnamed witness. Otherwise, Defendant denies the allegations in Paragraph 83.

84.    Defendant lacks knowledge or information to form a belief about the truth of Paragraph 84's characterizations of statements of an unnamed witness. Otherwise, Defendant denies the allegations in Paragraph 84.

85.    Defendant lacks knowledge or information to form a belief about the truth of Paragraph 85's characterizations of statements of an unnamed witness.  Otherwise, Defendant denies the allegations in Paragraph 85.

**D.    Enviva Cannibalized Future Earnings to Boost Its 2022 Results**

86.    Defendant admits that the quoted language in Paragraph 86 appears in the Nunziata Declaration.

87.    Defendant admits that the quoted language in Paragraph 87 appears in the Nunziata Declaration.

**E.    The Price Escalation Provisions Of Enviva's Sale Contracts Failed to Compensate for Increased Production Costs**

88.    Defendant admits that the quoted language in Paragraph 88 appears in the Nunziata Declaration.

89.    Defendant admits that the quoted language in Paragraph 89 appears in the Nunziata Declaration.

90.    Defendant admits that the quoted language in Paragraph 90, except the ellipsis, appears in the Q2 2023 earnings call transcript.

**F.    Enviva's Financial Guidance For 3Q 2023 Depended on Assuming Wood Pellet Prices Much Higher Than Market Prices**

91.    Defendant admits that the Q3 2023 earnings call transcript contains the quoted language in Paragraph 91 up until "higher than our."  Otherwise, denied.

92.    Defendant admits that the quoted language in the first sentence of Paragraph 92 appears in Enviva's Form 10-Q filed on August 3, 2023, with the SEC.  As to the second sentence, Plaintiffs fail to provide any source for their assertions and as such denied on the basis that Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 92's characterizations.  As to the final sentence of Paragraph 92, denied.

## VI.    MATERIALLY FALSE AND MISLEADING STATEMENTS ISSUED DURING THE BEGINNING OF THE CLASS PERIOD

93.    Denied.

### A.    November 2-3, 2022 Enviva Reports 3Q 2022 Results

94.    Denied as to the first sentence.  Admitted that Enviva published a press release titled "Enviva Reports 3Q 2022 Results" after the close of stock market trading on November 2, 2022.

95.    Defendant admits that the quoted language in Paragraph 95 appears in Enviva's press release published on November 2, 2022.

96.    Denied.

97.    Defendant admits that Enviva held its Q3 2022 earnings call on November 3, 2022.

98.    Defendant admits that the quoted language in Paragraph 98 appears in a transcript of Enviva's Q3 2022 earnings call.

99.    Denied.

100.    Defendant admits that the quoted language in Paragraph 100 appears in a transcript of Enviva's Q3 2022 earnings call.

101.    Denied.

102.    Defendant admits that parts of the quoted language in Paragraph 102 appear in a transcript of Enviva's Q3 2022 earnings call, but the statements are misquoted, and thus, denied.

103.    Denied.

### B.    November 28, 2022 Enviva 3Q 2022 Update Investor Presentation

104.    Admitted.

105.    Defendant admits that the quoted language in Paragraph 105 appears in Enviva's Q3 2022 investor presentation.

13

106. Denied.

**C.    January 26, 2023, Thomas Meth Interview with the Wall Street Transcript**

107. Admitted.

108. Defendant admits that the excerpted Wall Street Transcript contains the quoted language in Paragraph 108.

109. Denied.

**D.    February 8, 2023, Enviva Announces 4Q 2022 Dividend**

110. Admitted.

111. Defendant admits that the quoted language in Paragraph 111 appears in the February 8, 2023 press release.

112. Denied.

**E.    March 1, 2023 Enviva Reports Full Year And 4Q 2022 Results**

113. Admitted.

114. Defendant admits that the quoted language in Paragraph 114 appears in the March 1, 2023 press release.

115. Denied.

116. Defendant admits that the quoted language in Paragraph 116 appears in the March 1, 2023 press release.

117. Denied.

118. Admitted.

119. Defendant admits that the quoted language in Paragraph 119 appears in the March 1, 2023 Form 10-K.

120. Denied.

121.    Defendant admits that the quoted language in Paragraph 121 appears in the March 1, 2023 Form 10-K.

122.    Denied.

123.    Defendant admits that the quoted language in Paragraph 123 appears in the March 1, 2023 Form 10-K.

124.    Denied.

125.    Admitted.

126.    Defendant admits that the quoted language in Paragraph 126 appears in the March 1, 2023 Q4 2022 earnings call transcript.

127.    Denied.

128.    Defendant admits that the quoted language in Paragraph 128 appears in the March 1, 2023 Q4 2022 earnings call transcript.

129.    Denied.

130.    Defendant admits that the quoted language in Paragraph 130 appears in the March 1, 2023 Q4 2022 earnings call transcript.

131.    Denied.

132.    Defendant admits that the quoted language in Paragraph 132, except the ellipsis, appears in the March 1, 2023 Q4 2022 earnings call transcript.

133.    Denied.

134.    Defendant admits that the quoted language in Paragraph 134, except the ellipsis, appears in the March 1, 2023 Q4 2022 earnings call transcript.

135.    Denied.

**F.      April 2, 2023 Thomas Meth Interview with Enviva's Head Of HR**

136.    Admitted.

137.    Defendant admits that the quoted language in Paragraph 137 is contained in the April 2, 2023 YouTube video.

138.    Denied.

**G.      April 3, 2023 Enviva Investor Day**

139.    Admitted.

140.    Defendant admits that the quoted language in Paragraph 140, except the ellipsis, appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

141.    Denied.

142.    Defendant admits that the quoted language in Paragraph 142 appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

143.    Denied.

144.    Defendant admits that the quoted language in Paragraph 144 appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

145.    Denied.

146.    Defendant admits that the quoted language in Paragraph 146 appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

147.    Denied.

148.    Defendant admits that the quoted language in Paragraph 148 appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

149.    Denied.

150.    Defendant admits that the quoted language in Paragraph 150 appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

151.    Denied.

152.    Defendant admits that the quoted language in Paragraph 152 appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

153.    Denied.

154.    Defendant admits that the quoted language in Paragraph 154, except the ellipsis, appears in a transcript of Enviva's Investor Day event held on April 3, 2023.

155.    Denied.

VII.    **THE TRUTH BEGINS TO EMERGE, WHILE DEFENDANTS CONTINUE TO ISSUE MATERIALLY FALSE AND MISLEADING STATEMENTS**

156.    Denied.

A.    **May 3-4, 2023 Enviva Reports 1Q 2023 Results**

157.    Paragraph 157 purports to characterize a press release published on May 3, 2023. Defendant admits that the quoted language appears in the press release referenced in Paragraph 157. Otherwise, denied.

158.    Defendant admits that the quoted language in Paragraph 158 appears in a press release published on May 3, 2023.

159.    Defendant admits that the press release published on May 3, 2023, reported adjusted gross margin of $21.3 million for Q1 2023.

160.    Defendant admits that the quoted language in Paragraph 160 appears in a press release published on May 3, 2023.

161.    Admitted.

162. Defendant admits that the quoted language in Paragraph 162 appears in a transcript of the Q1 2023 earnings call held on May 4, 2023.

163. Defendant admits that the quoted language in Paragraph 163 appears in a transcript of the Q1 2023 earnings call held on May 4, 2023.

164. Defendant admits that the quoted language in Paragraph 164 appears in a transcript of the Q1 2023 earnings call held on May 4, 2023.

165. Defendant admits that the quoted language in Paragraph 165, except the ellipsis, appears in a transcript of the Q1 2023 earnings call held on May 4, 2023.

166. Defendant admits that the quoted language in Paragraph 166, except the ellipsis, appears in a transcript of the Q1 2023 earnings call held on May 4, 2023.

167. Defendant admits that, according to publicly available databases, Enviva's stock price closed at $21.35 per share on May 3, 2023, and closed at $7.01 per share on May 4, 2023. Otherwise, denied.

168. Defendant admits that the quoted language appears in an analyst report published by J.P. Morgan analyst Mark Strouse on May 5, 2023. Otherwise, denied.

169. Defendant admits that the quoted language appears in the analyst report referenced in Paragraph 169. Otherwise, denied.

170. Denied.

171. Defendant admits that Defendants Even and Meth signed Enviva's Form 10-Q filed on May 4, 2023, and that the quoted language appears in the certification pages of that filing. Otherwise, denied.

172. Defendant admits that the quoted language in Paragraph 172 appears in Enviva's Form 10-Q filed on May 4, 2023.

173. Denied.

174. Defendant admits that the quoted language in Paragraph 174 appears in a transcript of the Q1 2023 earnings call held on May 4, 2023.

175. Denied.

**B.    August 2-3, 2023 Enviva Reports 2Q 2023 Results**

176. Defendant admits that Defendants Even and Meth signed Enviva's Form 10 Q filed on August 3, 2023, for Q2 2023, not Q1 2023, as erroneously alleged, and that the quoted language appears in the certification pages of that filing. Otherwise, denied.

177. Defendant admits that the quoted language in Paragraph 177, except the ellipsis, appears in Enviva's Form 10-Q filed on August 3, 2023.

178. Denied.

179. Admitted.

180. Defendant admits that the quoted language in Paragraph 180 appears in a transcript of the Q2 2023 earnings call held on August 3, 2023.

181. Denied.

182. Defendant admits that the quoted language in Paragraph 182 appears in a transcript of the Q2 2023 earnings call held on August 3, 2023.

183. Denied.

184. Defendant admits that the quoted language in Paragraph 184, except the bracketed word, appears in a transcript of the Q2 2023 earnings call held on August 3, 2023.

185. Denied.

C.    **November 9, 2023 Enviva Reports 3Q 2023 Results**

186.    Defendant admits the first sentence of Paragraph 186. The remainder of Paragraph 186 purports to characterize a press release published on November 9, 2023. The press release speaks for itself and is the best evidence of its contents. To the extent a further response is required, denied.

187.    Defendant admits that the quoted language in Paragraph 187 appears in a press release published on November 9, 2023.

188.    Defendant admits that the quoted language in Paragraph 188 appears in a press release published on November 9, 2023.

189.    Defendant admits that the quoted language in Paragraph 189 appears in a press release published on November 9, 2023.

190.    Defendant admits that the quoted language in Paragraph 190 appears in a press release published on November 9, 2023.

191.    Admitted.

192.    Defendant admits that the quoted language in Paragraph 192, except the ellipsis, appears in Enviva's Form 10-Q filed on November 9, 2023.

193.    Defendant admits that the quoted language in Paragraph 193 appears in Enviva's Form 10-Q filed on November 9, 2023.

194.    Defendant admits that, according to publicly available databases, Enviva's stock price closed at $3.84 per share on November 8, 2023, and closed at $0.85 per share on November 9, 2023. Otherwise, denied.

195.    Defendant admits that the quoted language in Paragraph 195, except the ellipsis, appears in an analyst report published by J.P. Morgan analyst Drew Chamberlain on November 10, 2023.  Otherwise, denied.

196.    Defendant admits that the quoted language appears in the analyst report referenced in Paragraph 196.  Otherwise, denied.

197.    Defendant admits that the quoted language in Paragraph 197 appears in an analyst report published by J.P. Morgan analyst Drew Chamberlain on November 10, 2023.

## VIII.    POST-CLASS PERIOD EVENTS

### A.    Enviva's Board Initiates an Internal Investigation Into the 4Q 2022 Purchase Agreements

198.    Defendant admits that the quoted language in Paragraph 198, except the ellipsis and bracketed words, appears in the Nunziata Declaration.

199.    Paragraph 199 purports to characterize the Declaration of Bridget Moore, filed on June 10, 2024, in connection with the Debtors' Limited Objection to the Official Committee of Unsecured Creditors' Motion for Authority to Examine the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  The declaration speaks for itself and is the best evidence of its contents.  To the extent a further response is required, denied.

200.    Paragraph 200 purports to characterize the Declaration of Bridget Moore, filed on June 10, 2024, in connection with the Debtors' Limited Objection to the Official Committee of Unsecured Creditors' Motion for Authority to Examine the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  The declaration speaks for itself and is the best evidence of its contents.  To the extent a further response is required, denied.

201.    Paragraph 201 purports to characterize the Declaration of Bridget Moore, filed on June 10, 2024, in connection with the Debtors' Limited Objection to the Official Committee of

Unsecured Creditors' Motion for Authority to Examine the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  The declaration speaks for itself and is the best evidence of its contents.  To the extent a further response is required, denied.

202.    Paragraph 202 purports to characterize the Declaration of Bridget Moore, filed on June 10, 2024, in connection with the Debtors' Limited Objection to the Official Committee of Unsecured Creditors' Motion for Authority to Examine the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  The declaration speaks for itself and is the best evidence of its contents.  To the extent a further response is required, denied.

### B.    Enviva Declares Bankruptcy

203.    Defendant admits that Enviva filed a Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy on March 12, 2024.  The remainder of Paragraph 203 purports to characterize the Nunziata Declaration.  The declaration speaks for itself and is the best evidence of its contents.  To the extent a further response is required, denied.

## IX.    ADDITIONAL SCIENTER ALLEGATIONS

204.    Denied.

### A.    Defendants Held Themselves Out as Knowledgeable and Had Access to the Concealed Facts

205.    Denied.

206.    Admitted.

207.    Admitted.

208.    Admitted.

209.    Admitted.

210.    Defendant admits that the quoted language in the first sentence of Paragraph 210 appears in the Q3 2022 earnings call transcript referenced in Paragraph 210.  Except that the

earnings call held on March 1, 2023, was for Q4 2022, not Q1 2023, as erroneously alleged, Defendant admits that the quoted language in the second sentence appears in a transcript of the earnings call held on March 1, 2023.

211. Defendant admits that the quoted language in the second sentence, except the bracketed word, appears in a transcript of the Q3 2022 earnings call held on November 3, 2022. Defendant admits that the quoted language in the third sentence appears in a transcript of Enviva's Investor Day event held on April 3, 2023. Defendant admits that the quoted language in the fourth sentence appears in a transcript of the Q3 2023 earnings call held on November 9, 2023. Defendant lacks knowledge or information to form a belief regarding the truth of the final sentence's characterizations of an unnamed witness's statement. On that basis, denied.

212. Paragraph 212 purports to characterize a transcript of the earnings call held on March 1, 2023. Except that the earnings call held on March 1, 2023, was for Q4 2022, not Q1 2023, as erroneously alleged, Defendant admits that the quoted language, except the ellipsis, appears in the Q4 2022 earnings call transcript. Otherwise, denied.

213. Except that the earnings call held on March 1, 2023, was for Q4 2022, not Q1 2023, as erroneously alleged, Defendant admits that the language quoted in the first sentence of Paragraph 213 appears in the Q4 2022 earnings call transcript. Defendant admits that the quoted language in the remainder of Paragraph 213, except the ellipsis, appears in a transcript of Enviva's Investor Day event held on April 3, 2023. Otherwise, denied.

214. Defendant admits that portions of the language quoted in Paragraph 214 appear in the Q3 2022 earnings call transcript referenced in Paragraph 214. However, the language is misquoted, and thus, denied.

215. Paragraph 215 purports to characterize a transcript of the earnings call held on March 1, 2023. Except that the earnings call held on March 1, 2023, was for Q4 2022, not Q1 2023, as erroneously alleged, Defendant admits that the quoted language appears in the Q4 2022 earnings call transcript. Otherwise, denied.

216. Paragraph 216 purports to characterize a proof of claim filed by RWE on May 19, 2024. The document speaks for itself and is the best evidence of its contents. To the extent a further response is required, denied.

**B.    Defendants' Motive to Manipulate 4Q 2022 Earnings to Meet Their Overstated Guidance**

217. The first sentence of Paragraph 217 asserts a legal conclusion for which no response is required. The remainder of Paragraph 217 is too generalized and vague to admit or deny. To the extent a further response is required, denied.

218. Denied.

219. Denied.

220. Defendant lacks knowledge or information to form a belief regarding the truth of Paragraph 220's characterizations of an unnamed witness and his statements. On that basis, denied.

221. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 221's characterizations of an unnamed witness and his statements. On that basis, denied.

222. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 222's characterizations of an unnamed witness' statements. On that basis, denied.

223.    Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 223.  On that basis, denied.

224.    Defendant lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 224's characterizations of an unnamed witness's statements.  On that basis, denied.

225.    Defendant lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 225's characterizations of an unnamed witness' statements.  On that basis, denied.

226.    Defendant lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 226's characterizations of an unnamed witness' statements.  On that basis, denied.

227.    Defendant lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 227's characterizations of an unnamed witness' statements.  On that basis, denied.

228.    Denied.

229.    Paragraph 229 purports to characterize press releases published on October 3, 2022, and November 2, 2022.  These documents speak for themselves and constitute the best evidence of their contents.  Defendant admits that these press releases issued guidance for $240 million to $260 million of Adjusted EBITDA for the full year 2022 and that the November 2, 2022 press release reported $136.6 million of Adjusted EBITDA for the first three quarters of 2022. Otherwise, denied.

230.    Defendant admits that in the fourth quarter of 2022, Enviva entered into a series of transactions with RWE, under which (i) Enviva agreed to sell RWE approximately 340,000 metric

tons of wood pellets in the fourth quarter of 2022, and (ii) Enviva agreed to purchase approximately 1,760,000 metric tons of wood pellets from RWE between 2023 and 2025. Otherwise, denied.

231. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 231. On that basis, denied.

232. The first sentence of Paragraph 232 is too vague to admit or deny, and on that basis, denied. Defendant admits that the quoted language in the second sentence appears in a transcript of the Q4 2022 earnings call held on March 1, 2023.

233. Admitted.

234. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 234. On that basis, denied.

235. The allegations in Paragraph 235 consist of speculative and counterfactual assertions, to which no response is required. To the extent a response is required, denied.

236. Defendant admits that the quoted language in the second sentence, except the ellipsis, appears in a press release published on March 1, 2023. Defendant admits that the quoted language in the third sentence appears in a transcript of the Q4 2022 earnings call held on March 1, 2023. Otherwise, denied.

C. **Keppler's Insider Trading And Defendants' Incentive Compensation Provided Additional Motives**

237. Admitted.

238. Keppler is no longer a defendant in this case pursuant to the Court's December 29, 2025 order (ECF 57). Otherwise, the SEC public filings speak for themselves and constitute the best evidence of their contents.

239. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 239. On that basis, denied.

26

240.    Defendant admits that the quoted language appears in Form 4 filed by Keppler on December 5, 2022.  Otherwise, denied.

241.    The allegations in Paragraph 241 consist of vague and argumentative characterizations of unspecified compensation documents, to which no response is required.  To the extent a response is required, denied.

242.    Admitted.

243.    Paragraph 243 seeks to characterize certain Enviva SEC filings which speak for themselves and are the best evidence of their contents.  To the extent Plaintiff's characterizations differ from those contents, denied.

244.    Admitted.

245.    Defendant admits the first sentence of Paragraph 245.  The remainder of Paragraph 245 consists of Plaintiffs' mathematical calculation based on disclosed figures, to which no response is required.

**D.    The Defendants Left Their Positions Under Suspect Circumstances**

246.    Denied.

247.    Defendant admits the first sentence of Paragraph 247.  The second sentence of Paragraph 247 purports to characterize Enviva's Form 8-K filed on March 27, 2023.  The document speaks for itself and is the best evidence of its contents.  Defendant admits that Johnson gave notice of his resignation on March 21, 2023, and that Enviva's earnings call for Q4 2022 occurred on March 1, 2023.  Defendant further admits that the quoted language in the third sentence appears in the Q4 2022 earnings call transcript.  The fourth sentence of Paragraph 247 purports to characterize Johnson's publicly available LinkedIn profile.  The LinkedIn profile

27

speaks for itself and is the best evidence of its contents. To the extent a further response is required, denied. Defendant admits the final sentence of Paragraph 247. Otherwise, denied.

248. Defendant admits the first sentence of Paragraph 248. The second sentence of Paragraph 248 purports to characterize Enviva's Form 8-K filed on August 30, 2023. The document speaks for itself and is the best evidence of its contents. The third sentence of Paragraph 248 is too generalized and vague to admit or deny, and on that basis, denied. Defendant denies the fourth sentence of Paragraph 248. Defendant admits the final sentence of Paragraph 248. Otherwise, denied.

249. Defendant admits that a press release published on September 19, 2023, contains the language quoted in Paragraph 249. Otherwise, denied.

250. Defendant admits that Enviva published a press release on November 9, 2023, and that the quoted language in the first sentence of Paragraph 250 appears in that press release. Defendant further admits that the quoted language in the second sentence appears in Enviva's Form 10-Q filed on November 9, 2023. The third sentence of Paragraph 250 purports to characterize the Form 10-Q filed on November 9, 2023, which speaks for itself and is the best evidence of its contents. Otherwise, denied.

## E. Pellet Manufacturing and Trading Were Core Operations for Enviva

251. Defendant admits that wood pellet manufacturing and sales was a part of Enviva's business. Otherwise, denied.

252. Defendant admits that a part of Enviva's business involved buying wood pellets from other companies and reselling them to customers. Otherwise, denied.

## X.   LOSS CAUSATION

253. Denied.

28

254.    Denied.

## XI.    CLASS ACTION ALLEGATIONS

255.    Paragraph 255 contains a description of the purported class and claims and thus, no response is required.  To the extent a response is required, Defendant admits that the Complaint purports to be on behalf of the class described in Paragraph 255, but denies that such class should be certified, and further denies all other allegations in Paragraph 255.

256.    Paragraph 256 consists of legal assertions for which no response is required.

257.    Paragraph 257 consists of legal assertions for which no response is required.

258.    Denied.

259.    Denied.

260.    Denied.

## XII.    UNDISCLOSED ADVERSE FACTS

261.    Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 261.  On that basis, denied.

262.    Denied.

263.    Denied.

## XIII.    APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

264.    Defendant incorporates his response to Paragraph 261, as Paragraph 264 is redundant of Paragraph 261.  To the extent that a further response is required, denied.

265.    Denied.

266.    Defendant admits that Enviva, Inc. was listed on the NYSE from April 29, 2015, to October 22, 2024.  Defendant admits that during that time Enviva, Inc. published quarterly reports

with the SEC, occasionally issued press releases, and that certain securities analysts wrote reports regarding Enviva, Inc.  Otherwise, denied.

267.    Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 267. On that basis, denied.

268.    Denied.

## XIV.   NO SAFE HARBOR

269.    Denied.

## XV.    CAUSE OF ACTION

**Violation Of Section 10(b) of The Exchange Act and Rule 10b-5(1) — (c) Promulgated Thereunder Against All Defendants**

270.    No response to Paragraph 270 is required.  Defendant refers Plaintiffs to his responses to each and every allegation set forth above and incorporates those responses as if fully set forth herein.  To the extent a further response is required, denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, affirmative defenses, and other matters with respect to each of the purported claims or causes of action alleged in the Complaint. This is not an exhaustive list of all defenses and reasons that Defendant is not liable, and Defendant does not assume the burden of proof or persuasion on any of the following where Plaintiffs carry such burden(s):

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Defendant is not liable because Plaintiffs lack standing to assert claims against him.

3.     This action may not be properly maintained as a class action.

4.     The Complaint fails to plead fraud with particularity as required by Federal Rule 9(b) and the Private Securities Litigation Reform Act of 1995.

5.     Defendant is not liable because the statements quoted did not contain any untrue statement of material fact, nor did he omit any material fact required to be stated or necessary to make the statements made not misleading.

6.     Plaintiffs' claims are barred, in whole or in part, because the information they contend was omitted was publicly available and known to the market during the class period.

7.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not reasonably rely on any statements or omissions for which Defendant allegedly is responsible.

8.     Defendant is not liable, to the extent Plaintiffs' claims are based on Defendant's omission(s) of purported material information, because Defendant had no duty to disclose or update the information.

9.     The misstatements or omissions alleged in the Complaint were not made with the requisite scienter.

31

10.     Defendant is not liable because, at all times, and with respect to all matters contained herein, he acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known of the purported untruths, misstatements, and/or omissions alleged in the Complaint.

11.     Defendant is not liable because, at all times, and with respect to all matters contained herein, he acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

12.     Defendant's alleged misstatements or omissions made or caused to be made by Defendant were based in reasonable reliance upon the work, opinions, information, representations, and advice of others upon whom he was entitled to rely.

13.     To the extent Plaintiffs' allegations are based on forward-looking statements, such statements bespoke caution in outlook and fell short of the certainty of assurances required for a finding of falsity.

14.     Pursuant to 15 U.S.C. § 78u-5(c), Defendant is not liable for any forward-looking statements because any such forward-looking statements were (i) accompanied by meaningful cautionary language, (ii) immaterial, and/or (iii) made without actual knowledge that the statements were false or misleading.

15.     Defendant is not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs voluntarily assumed the risk of losses alleged in the Complaint.

16.     In the event Plaintiffs recover damages, such damages shall be limited to only those losses caused by the fraud as opposed to other factors and/or market conditions, and Defendant shall be liable solely for the portion of the judgment that corresponds to the percentage of his

responsibility because he did not knowingly commit a violation of the federal securities laws. See 15 U.S.C. § 78u-4.

17. Any damages Plaintiffs sustained must be offset by any tax or such benefits received.

18. Plaintiffs' claims are barred or must be reduced by their failure to mitigate damages.

19. Plaintiffs' losses are speculative or uncertain and therefore not compensable.

20. Any damages Plaintiffs sustained are limited by PSLRA's 90-day "bounce-back" rule.

21. Defendant is not liable because Plaintiffs' alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of persons and/or entities other than Defendant and were not the result of any act or omission on the part of Defendant.

22. Defendant is not liable because Plaintiffs' losses, if any, were not caused by Defendant.

## RELIEF REQUESTED

Wherefore, having fully answered, Defendant requests that the Court deny all relief sought in the Complaint, award Defendant his costs, and grant him such other relief to which he may be entitled.

\* \* \*

Defendant reserves the right to modify his answers to the specific allegations set forth in the Complaint and/or to assert additional defenses as they become known during the pendency of this action.

Dated:  February 11, 2026
        New York, New York

Respectfully submitted,

**VINSON & ELKINS LLP**

Hannah Flesch (#31153)
State Bar No. 1737207
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6654
Fax: (202) 879-8981
hflesch@velaw.com

Jeffrey S. Johnston (admitted *pro hac vice*)
845 Texas Avenue
Suite 4700
Houston, TX 77002
Telephone: (713) 758-2198
jjohnston@velaw.com

Robert Ritchie (admitted *pro hac vice*)
Virginia DeBeer (admitted *pro hac vice*)
2001 Ross Avenue
Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7823
rritchie@velaw.com
vdebeer@velaw.com

*Of Counsel*

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:_____
    Ari M. Berman (admitted *pro hac vice*)
    John R. Van Son (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019-6131
+T: 212.858.1000
+F: 212.858.1500
ari.berman@pillsburylaw.com
john.vanson@pillsburylaw.com

*Attorneys for Defendant Shai S. Even*

34

## CERTIFICATE OF SERVICE

I, Ari M. Berman, hereby certify that on February 11, 2026, true copies of the foregoing were served on all counsel of record via the Court's ECF system in compliance with Fed. R. Civ. P. 5(a).

_/s/ Ari M. Berman_
Ari M. Berman