**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ANDREW DAVIS, et al., | Civil Action No. 8:23-cv-02474-MJM |
| Plaintiffs, | |
| v. | |
| JOHN K. KEPPLER, et al., | |
| Defendants. | |

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER**

The parties to this Stipulated Confidentiality Order ("Order") are engaged in proprietary

activities, and could be harmed if certain non-public personal, business, or other sensitive

confidential information or documents were disclosed publicly.  The parties have agreed to the

terms of this Order; accordingly, it is ORDERED:

**1.** **Scope.**  All materials produced or adduced in the course of discovery, including

documents, initial disclosures, written discovery requests, interrogatory responses, responses to

requests for admission, responses to requests for documents, deposition testimony and exhibits,

and any other information or material given or exchanged as well as information derived directly

therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter

collectively "documents"), shall be subject to this Order concerning Confidential Information as

defined below.  This Order is subject to the Local Rules of the District of Maryland and the Federal

Rules of Civil Procedure on matters of procedure and calculation of time periods. The production

of documents or information, or the designation of any material under this Order, does not waive

any objections (including objections to relevance, proportionality, burden, or admissibility) and is

not an admission that any material is discoverable, relevant, or admissible for any purpose.

1

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party or any party to this action. Any such party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material contains non-public, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order. This includes, but is not limited to, material that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, including personal financial information such as trading records; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records or portions thereof that reveal private information. Information or documents that are available to the public should not be designated as Confidential Information.

3. **Designation.**

a. Each party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" to each page that contains protected material and on all copies in a manner that will not interfere with the legibility of the document. For documents produced in native format, the producing party must endeavor to include to the extent technologically feasible the words "CONFIDENTIAL" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on the media containing the Confidential Information. To avoid undue burden and expense, the designating party may choose to designate as Confidential an entire document or family of documents, deposition, transcript, or other material that contains Confidential Information. For

information produced in some form other than documentary and for any other tangible items, the Producing Party may designate the item as containing Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

b.      As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The designating party shall make reasonable efforts to apply the marking "CONFIDENTIAL" prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

c.      The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that it believes the document contains Confidential Information as defined in this Order.

4.      **Depositions.**  All depositions and other pretrial testimony shall be treated as Confidential Information until the designation of such testimony pursuant to section (i) and (ii) of this paragraph. Depositions and other pre-trial testimony may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony or (ii) by written Notice of Designation served to all parties of record no later than thirty (30) days after the transcript is delivered to any party or the witness.  Counsel for the person

3

being deposed shall, within thirty (30) days after the receiving the deposition transcript, designate as Confidential Information all of the transcript or portions thereof.  The parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

The court reporter must affix on each page containing protected material the legend "CONFIDENTIAL" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

To the extent that testimony is sought concerning Confidential Information during any deposition or in any other pre-trial venue, the party making the designation of confidentiality may exclude any person from the deposition or other venue during such testimony if the Confidential Information may not be disclosed to such person under the terms of this Order.

**5.      Protection of Confidential Material.**

**a.      General Protections.**  Confidential Information and information derived therefrom shall be used solely for purposes of this litigation, including any appeal thereof, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

**b.      Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(xiii). Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information only to the extent

reasonably necessary:

i.  **Counsel.** Counsel for the parties and employees (and/or independent contractors) of counsel who have responsibility for the action;

ii.  **Parties.** Individual parties, proposed class representatives, and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary for purposes of this action. Confidential Information may be disclosed to former Defendants in this action (including Enviva LLC, John Keppler, and Michael Johnson) and successors and employees of such parties but only to the extent counsel determines in good faith that the assistance of such parties is reasonably necessary for purposes of this action. Confidential Information may not be disclosed to any other member of the putative class other than the named parties or proposed class representatives unless such other class members are permitted to review such information under a different provision of this Paragraph 5 than this subparagraph (ii);

iii.  The Court and its personnel;

iv.  A court of competent jurisdiction in a proceeding by a party made in connection with this action (*e.g.*, a subpoena or similar discovery request made to obtain discovery material for use in this action), provided that the disclosing party submits same under seal.

v.  **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

vi.  **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**vii.** **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation, litigation, and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

**viii.** **Witnesses.** During their depositions or testimony in Court in this action, witnesses, and attorneys for witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their testimony in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.  Provided such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, persons scheduled to be deposed or to give testimony in this action, may review Confidential Information to the extent a counsel of record in this action determines in good faith that doing so is necessary to prepare for such testimony; such prospective witnesses may not retain a copy of documents containing Confidential Information.

**ix.** **Author or recipient.** Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information;

**x.** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered;

6

**xi.** Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

**xii.** Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed Attachment A, Acknowledgment and Agreement to Be Bound.

**xiii**. Insurers, reinsurers, indemnitors, and their insurance brokers and third-party administrators, to the extent reasonably necessary for the evaluation, administration, or fulfillment of insurance coverage, defense, indemnity, claim handling, or related obligations in connection with this action.

**c.** This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Confidential Information for any purpose. Nothing in this Order shall prevent a producing party from disclosing its own Confidential Information to anyone for any purpose.

**d. Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**e. Notice of Unauthorized Disclosure.** If a receiving party learns of any unauthorized disclosure, access to, or use of Confidential Information (including, without limitation, any actual or suspected data breach, cyber intrusion, ransomware attack, phishing incident, misdirected production, or other security incident) involving Confidential Information in its possession, custody, or control, the receiving party shall promptly notify the producing party in writing. Such notice shall be provided as soon as practicable after discovery of the unauthorized

disclosure and, absent good cause, no later than five (5) business days after the receiving party becomes aware of the incident. The notice shall describe, to the extent known at the time: (i) the nature of the incident; (ii) the categories and, if reasonably ascertainable, the approximate volume of Confidential Information affected; (iii) the date or date range of the incident; (iv) the identity of any unauthorized person(s) known or reasonably suspected to have accessed the Confidential Information; and (v) the remedial measures taken or proposed to be taken.

f.    **Mitigation and Cooperation.**  The receiving party shall take reasonable and prompt steps to contain, investigate, and mitigate the effects of the unauthorized disclosure, and to prevent further unauthorized access or disclosure. The receiving party shall cooperate reasonably with the producing party in connection with the investigation and remediation of the incident, including by: (i) providing updates regarding material developments in the investigation; (ii) preserving relevant evidence concerning the incident; and (iii) using reasonable efforts to retrieve or secure the return or destruction of any Confidential Information disclosed to unauthorized persons.

g.    **Use of Artificial Intelligence.**  Confidential material shall not be loaded by the Receiving Party into any Generative AI or LLM platform (e.g., ChatGPT, Claude, Gemini, CoPilot, etc.) that is not governed by an enterprise-grade license prohibiting the use of materials loaded into that platform for training purposes.

6.    **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document.  A producing party may designate as Confidential any discovery material that has already been produced, including discovery material that the producing party inadvertently failed to designate as Confidential, by notifying in writing the party to whom the production has been made that the

material constitutes confidential information.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  The receiving party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      **Filing of Confidential Information.**

All Confidential Information shall be filed with the Court only to the extent necessary to establish a claim or defense or support a motion or opposition.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the procedures for filing under seal set forth in the Local Rules. To the extent that any materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Order are not properly

9

classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 9 of this Order.

8.      **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      **Challenges by a Party to Designation as Confidential Information.**   The designation of any material or document as Confidential Information is subject to challenge by any party.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential Information.  The following procedure shall apply to any such challenge.

a.      **Meet and Confer.**  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within ten (10) business days.

b.      **Judicial Intervention.**  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of

this procedure. The burden of production and persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be made consistent with the Court's Individual Rules. Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as Confidential Information. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing,

11

immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. Unless prohibited by law or court order, the receiving party shall withhold production of the designated material until the designating party has had a reasonable opportunity to seek a protective order or other relief from the issuing tribunal.

**b.** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. If a party is legally required to disclose material designated under this Order to a governmental or regulatory authority (including, without limitation, the U.S. Securities and Exchange Commission or the U.S. Department of Justice), the receiving party shall, to the extent not prohibited by law or directive of the requesting authority, provide advance written notice to the designating party and, if different, the producing party, reasonably in advance of the contemplated production and in no event later than is practicable under the circumstances, and shall include a copy of the request. Any materials so produced shall, where practicable, be marked with the appropriate confidentiality legend(s) under this Order and produced subject to a request for confidential treatment or other protections available under applicable law or regulation, including, as applicable, a request for confidential treatment under the Commission's rules and regulations and/or Freedom of Information Act Exemption 4. The receiving party shall use reasonable efforts to limit the scope of disclosure and to obtain and maintain confidential treatment for the designated material, and shall, where not prohibited by law, reasonably cooperate with the producing or designating party's efforts to do the same. Disclosure of designated material to a governmental or regulatory authority

in accordance with this paragraph shall not constitute a waiver of any confidentiality designation, privilege, or protection in this action or any other proceeding. If advance notice is prohibited, the receiving party shall provide contemporaneous or prompt post-production notice to the extent and as soon as permitted by law.

   **c.**  The purpose of imposing these duties includes to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.

   **d.**  Except as specified above, the designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information.  Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  Compliance by a receiving party with a court order directing production will not constitute a violation of this Order.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

  **13.**  **Inadvertent Disclosure of Privileged Material.**  In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, the inadvertent disclosure of any document or information subject to an applicable privilege shall not be deemed to waive – in this action or in any other federal or state proceeding – any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

   **a.**  Pursuant to Federal Rule of Evidence 502(d), if a producing party at any time notifies any receiving party that the producing party disclosed documents, testimony,

information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

b.      The receiving party shall, upon request, (i) refrain from disclosure of the inadvertently produced material and refrain from examining the materials any further, (ii) within three business days, return to the producing party, sequester or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court. Within seven business days of the producing party's request to return or destroy such documents, the producing party shall produce a privilege log with respect to the disclosed materials. The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the claimed documents or information are in fact privileged or entitled to protections of immunity.

c.      The return of any discovery material to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the disclosed information is not privileged, however, the receiving party cannot assert as a basis for the relief it seeks the fact or circumstance that the producing party produced such documents in this action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion. The producing party shall provide the Court with a copy of any such documents under seal or *in camera* promptly after the receiving party files a motion challenging the assertion of privilege. Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute

14

over their status. The producing party must preserve the information until the claim is resolved.

   **d.**  Notwithstanding the foregoing, if any information, document, or thing has been offered at a deposition, or as an exhibit to, or as part of a dispositive motion or opposition to a dispositive motion and the producing party subsequently claims that such information, document, or thing was inadvertently produced and is protected by privilege or work-product immunity, all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), and the producing party, within five (5) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the inadvertently disclosed material and simultaneously produce to all parties a privilege log specifically identifying the inadvertently disclosed material and a basis for the claim of privilege or work-product immunity.  Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue.  If, after the parties meet and confer, they cannot reach agreement, the producing party shall, within five (5) business days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise.  Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved.  Nothing in this Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege.  Nothing in this Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim.  If the inadvertently disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under

Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

        **14.**     **Obligations on Conclusion of Litigation.**

        **a.**     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        **b.**     **Obligations at Conclusion of Litigation.**  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information under this Order, including copies as defined in ¶3(b), shall, upon written request of the producing party, be destroyed or returned to the producing party unless the document has been offered into evidence or filed without restriction as to disclosure.  The Court is not obligated to return or destroy any exhibits or documents that have been made part of the record. The receiving party is not required to return or destroy Confidential Information that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Confidential Information on backup storage media must continue to be treated in accordance with this Order.

        **c.**     **Retention of Work Product and Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, outside counsel appearing for the parties in this litigation may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) all documents filed with the Court including those filed under seal, provided that such counsel maintain the confidentiality thereof with the same protections given to work product of that counsel's own clients.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work

product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

       **d.**    **Clerk of Court.** The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

15.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

DATED: April 15, 2026

**WEISBROD MATTEIS & COPLEY PLLC**

By: */s/ William E. Jacobs*
Stephen A. Weisbrod (# 14795)
William E. Jacobs (#21975)
3000 K Street NW, Suite 275
Washington, D.C. 20007
Telephone: (202) 499-7900
Email:   sweisbrod@wmclaw.com
wjacobs@wmclaw.com

*Liaison Counsel for Lead Plaintiff Andrew Davis, Named Plaintiffs Christine Alloro and Ted Goldstein, and the Proposed Class*

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By: */s/ Garth Spencer*
    (signed by William E. Jacobs with
    permission of Garth Spencer)
Robert V. Prongay (*pro hac vice*)
Charles H. Linehan (*pro hac vice*)
Pavithra Rajesh (*pro hac vice*)
Garth Spencer (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com
prajesh@glancylaw.com
gspencer@glancylaw.com

*Lead Counsel for Lead Plaintiff Andrew Davis, Named Plaintiffs Christine Alloro and Ted Goldstein, and the Proposed Class*

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Ari M. Berman*
    (signed by William E. Jacobs with
    permission of Ari M. Berman)
Ari M. Berman (admitted *pro hac vice*)
John R. Van Son (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019-6131
+T: 212.858.1000
+F: 212.858.1500
ari.berman@pillsburylaw.com
john.vanson@pillsburylaw.com

*Attorneys for Defendant Shai S. Even*

**HOGAN LOVELLS US LLP**

By: */s/ Peter J. Martinez*
    (signed by William E. Jacobs with
    permission of Peter J. Martinez)
Peter J. Martinez (Bar No. 28672)
HOGAN LOVELLS US LLP
100 International Dr., Suite 2000
Baltimore, MD 21202
Tel: (410) 659-2700
Fax: (410) 659-2701
peter.martinez@hoganlovells.com

Jon M. Talotta (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
Tel: (703) 610-6100
Fax: (703) 610-6200
jon.talotta@hoganlovells.com

Allison M. Wuertz (*pro hac vice*)
HOGAN LOVELLS US LLP
390 Madison Ave.
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.wuertz@hoganlovells.com

*Attorneys for Defendant Thomas Meth*

18

**VINSON & ELKINS L.L.P.**

By: */s/ Hannah Flesch*
    (signed by William E. Jacobs with
    permission of Hannah Flesch)
Hannah Flesch (# 31153)
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
Telephone : (202) 639-6523
hflesch@velaw.com

Jeffrey S. Johnston (admitted *pro hac vice*)
845 Texas Avenue
Suite 4700
Houston, TX 77002
Telephone : (713) 758-2198
jjohnston@velaw.com

Robert Ritchie (admitted *pro hac vice*)
2001 Ross Ave.
Suite 3900
Dallas, TX 75201
Telephone : 214.220.7823
rritchie@velaw.com

*Attorneys for Defendants*

SO ORDERED:

_____
Hon. Matthew J. Maddox
U.S. District Judge

19

ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDREW DAVIS, et al., | Civil Action No. 8:23-cv-02474-MJM |
| Plaintiffs, | |
| v. | |
| JOHN K. KEPPLER, et al., | |
| Defendants. | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ ____, 2026 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Maryland in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name (print):_____    Job Title: _____

Signature:_____    Employer: _____

Date:_____    Business Address: _____

_____

_____

_____